# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES A. WAKEFIELD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-17-1006-R |
| | ) |
| SODEXO USA, | ) |
| | ) |
| Defendant. | ) |

**EXHIBIT 20**

# COMPLAINT
# (JURY TRIAL DEMANDED)

Plaintiff, Charles A. Wakefield, through his attorney of record, Melvin C. Hall of Riggs, Abney, Neal, Turpen, Orbison & Lewis, files this Complaint against Defendant, Sodexo USA. In support of his Complaint, Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. This action arises under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981, to address the deprivation of his rights from discriminatory and retaliatory employment practices by Sodexo USA.

## JURISDICTION AND VENUE

2. The court has jurisdiction over this Complaint in that the matters in controversy arise under the laws of the United States, 28 U.S.C. § 1331 and 1343(a).

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Charles A. Wakefield (Mr. Wakefield) is an African American citizen of the United States, a resident of Edmond, Oklahoma, and this judicial district.

Plaintiff had been employed with Sodexo USA for a total of 9 years, from July 16, 2007 to March 7, 2012, and from October 8, 2012, until his termination on February 23, 2016. Prior to Mr. Wakefield's employment with Defendant, he had some 28 years of employment experience in the Environmental Services industry.

5. Defendant, Sodexo USA (Sodexo) is a Gaithersburg, Maryland corporation doing business in Norman, Cleveland County, Oklahoma, and this judicial district.

## INTRODUCTION

6. This action arises under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Mr. Wakefield is seeking declaratory relief, injunctive relief, damages, including actual damages, compensatory damages, and punitive damages to address the deprivation of his rights from discriminatory and retaliatory employment practices on the basis of his race and protected activity by Sodexo.

## PRELIMINARY STATEMENT

7. Mr. Wakefield started working for Sodexo as a Manager Environmental Services (ES)/ Custodial I, effective July 17, 2007. Mr. Wakefield worked in Sodexo's Campus Services Business Unit at Langston University in Langston, Oklahoma. As a manager, Mr. Wakefield was responsible for overseeing custodians at Langston University who performed environmental service functions, including cleaning, trash removal, housekeeping, and related services.

8. Sodexo promoted Mr. Wakefield to Manager Environmental Services (ES)/ Custodial II, on July 1, 2010.

9. On March 7, 2012, Sodexo separated employment with Mr. Wakefield due to a lack of work/reduction in force.

10. Sodexo rehired Mr. Wakefield seven months later, on October 8, 2012. Mr. Wakefield's position was now Manager Environmental Services (ES)/ Custodial II at Sodexo's School Services Business Unit at Norman Public Schools, in Norman, Oklahoma. In this position Mr. Wakefield was assigned to manage custodial services for the East Zone of the Norman Public Schools. The West Zone of the Norman Public Schools was managed by Raymond McMillion, an African American male.

11. Toward the end of 2014, Mr. McMillion sought and received a transfer out of the Norman Public School. Mr. McMillion was replaced by William Humphries, a white male, who was hired in January 2015.

12. Shortly after Mr. Humphries was employed, Mr. Wakefield discovered that Mr. Humphries was earning significantly more money than he was. The two men had the same job title, same position, and performed the same duties, even though they were assigned to different zones of the Norman Public Schools. Despite the above, Mr. Humphries, who is white, was paid approximately $10,000 a year more than Mr. Wakefield, who is African American.

13. Based on information and belief, Mr. Humphries only had three to four years of experience working in the Environmental Services industry. Whereas Mr. Wakefield had 28 years of experience working in the Environmental Services industry.

14. Mr. Wakefield also discovered that prior to being replaced by Mr. Humphries, Mr. McMillion was making the same amount as Mr. Wakefield. Consequently,

3

Mr. Humphries, a white male, was paid approximately $10,000 more than both Mr. Wakefield and Mr. McMillion, who are both African American with considerably more work experience than Mr. Humphries.

15. After learning of the discrepancy in pay, Mr. Wakefield repeatedly complained to Sodexo's Human Resources Director, Lisa Failing, a white female. Lisa Failing responded to Mr. Wakefield's complaints with several vaguely written emails, but Sodexo did absolutely nothing about Mr. Wakefield's repeated complaints regarding the gross discrepancy in pay between him and Mr. Humphries.

16. Significantly, Lisa Failing did communicate to Mr. Wakefield, in an August 9, 2015, email that she had heard that he had done a good job and thanked him for his dedication to the clients and students at Norman. Lisa Failing copied Mr. Wakefield's supervisor, Kevin Benda, on the email.

17. In a blatantly retaliatory response to Mr. Wakefield's complaints to Lisa Failing, a month later on September 16, 2015, Kevin Benda placed Mr. Wakefield on a disciplinary three-month action plan.

18. In addition to his complaints to Sodexo, Mr. Wakefield filed two Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on: October 21, 2015 and February 17, 2016.

19. Mr. Wakefield's October 21, 2015, EEOC Charge of Discrimination alleged that he was the victim of age and race discrimination. In particular, Mr. Wakefield's Charge of Discrimination stated:

> I. In July 2007, I was hired by the Respondent employer as an Environmental Service Manager. From approximately December 2014 to the

4

present date, and continuing, I have been continually subjected to an Environmental Service Manager 2 salary rate unequal to Mr. Blayke Humphrey, as significantly younger White Male Environmental Service Manager 2, by the Respondent. Mr. Humphrey has significantly less experience and seniority in the company than I do, but his salary is approximately $10,000 more per year than my salary. In April 2015, I initially complained to Ms. Lisa R. Failing, the Human Resources Director, and repeatedly followed up with her on my complaint, but the Respondent has made no good faith effort to correct the disparity in the salaries.

II. No reason(s) were given for this disparate treatment of my salary.

III. I believe I have been discriminated against because of my race, Black, in violation for Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). I also believe I have been discriminated against because of my age, Sixty-six (66) years, in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

20. On January 19, 2016, Mr. Wakefield received a written warning from General Manager, Kevin Benda. In Mr. Wakefield's response to the written warning he wrote: "When I was presented the action plan on 9/16/2015 I replied to the GM Kevin Benda and DM Joseph Heeb, this is the beginning of a paper trail leading to termination because prior to receiving the action plan, I was told I was going to receive a 10% raise. Receiving a 10% raise and an action plan in the same meeting appears to be contradictory and confusing." Mr. Wakefield went on to assert that his November 16, 2015 and December 21, 2015 progress reviews contained information that was not true.

21. On February 17, 2016, Mr. Wakefield filed a second Charge of Discrimination with the EEOC alleging that he was the victim of age, race, and retaliation discrimination. He stated:

I. In September 2015, I filed a charge of employment discrimination with the U. S. Equal Employment Opportunity Commission, Charge Number 564-2015-01475. Since I have exercised my rights to file a charge of employment discrimination, I have been subjected to retaliation in that management has more closely scrutinized my work activities and placed my

5

on a Performance Improvement Plan (PIP) with the threat of termination if I do not improve.

II. No reason was given for the PIP other than my work performance needs to improve.

III. I believe I have been retaliated against for exercising my rights to file a charge of employment discrimination with the U. S. Equal Employment Opportunity Commission in violation of Title VII of the Civil Rights Act of 1964, as amended.

22. A mere six days later on February 23, 2016, Mr. Wakefield was terminated by General Manager, Kevin Benda and District Manage, Joseph Heeb. In Mr. Wakefield's termination notice, Mr. Benda asserted the same false and knowingly inaccurate claims made in Mr. Wakefield's action plan dated September 16, 2015 and progress reviews dated November 16, 2015 and December 21, 2015.

## COUNT I
### Discrimination Based on Race

23. Mr. Wakefield incorporates by reference all previous allegations.

24. Mr. Wakefield, as an African American, is in a protected class.

25. Mr. Wakefield met the objective qualifications for the position of Manager Environmental Services (ES)/ Custodial II.

26. Mr. Wakefield suffered an adverse employment action with his February 23, 2016, termination.

27. Mr. Wakefield's position was not eliminated after his termination, in fact, Mr. Wakefield was replaced by a white male.

28. Sodexo engaged in intentional and unlawful employment practices in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. The discriminatory practices

6

include, but are not limited to, Mr. Wakefield's termination on February 23, 2016, due to his race, in violation of § 1981.

## COUNT II
### Retaliation

29. Mr. Wakefield incorporates by reference all previous allegations.

30. Mr. Wakefield engaged in multiple acts of protected activity.

31. Mr. Wakefield suffered an adverse employment action with his February 23, 2016, termination.

32. There existed a causal connection between the protected activity and the adverse employment action.

33. Sodexo engaged in intentional, unlawful, and retaliatory employment practices in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. The retaliatory practices include, but are not limited to, terminating Mr. Wakefield on February 23, 2016, due to his protected opposition to the intentional and unlawful employment practices of Sodexo.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Charles A. Wakefield, seeks to recover against Defendant, Sodexo USA:

1. Actual damages in the form of lost back pay and benefits.

2. Reinstatement, however, in lieu of reinstatement, Mr. Wakefield seeks front pay and all lost future earnings projected to his retirement.

5. Compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

4. Punitive damages for Defendant's willful and reckless disregard and wanton deprivation of Plaintiff's civil rights as protected by 42 U.S.C. § 1981.

5. Reasonable attorney fees and court costs, as well as other relief as the court deems appropriated

                          Respectfully submitted,
                          RIGGS, ABNEY, NEAL, TURPEN,
                            ORBISON & LEWIS

                          s/ Melvin C. Hall
                          Melvin C. Hall, OBA No. 3728
                          528 NW 12th Street
                          Oklahoma City, OK 73103
                          Telephone: (405) 843-9909
                          Facsimile: (405) 842-2913
                          Email: mhall@riggsabney.com

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**