**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLES A. WAKEFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.     CIV-17-1006-R** |
| | ) | |
| **SODEXO USA,** | ) | **March 2019 Trial Docket** |
| | ) | |
| **Defendant.** | ) | |

**FINAL PRETRIAL REPORT**

All counsel who will appear at trial:

Appearing for Plaintiff:  Melvin C. Hall and Danny K. Shadid of Riggs, Abney, Neal, Turpen, Orbison & Lewis

Appearing for Defendant: Jeremy Tubb, Tiffany J. Wythe, and Matthew S. Panach, Fuller Tubb & Bickford, PLLC

1.    BRIEF PRELIMINARY STATEMENT.  State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

The plaintiff in this action is Charles A. Wakefield (Mr. Wakefield). The Defendant is Sodexo Operations LLC (Sodexo), a company that provides custodial and maintenance services at various locations in Oklahoma.

Mr. Wakefield was employed by Sodexo until February 23, 2016, when Sodexo terminated his employment. Mr. Wakefield filed this lawsuit challenging Sodexo's decision to terminate his employment.  Mr. Wakefield asserts two causes of action against Sodexo.  First, Mr. Wakefield contends that his race (African American) was a motivating factor in Sodexo's termination decision. Second, Mr. Wakefield contends that Sodexo terminated his employment because he complained that a white counter-part was making more money.

Sodexo denies these allegations and contends that it terminated Mr. Wakefield for legitimate business reasons unrelated to his race or his complaints.  Specifically, Sodexo contends it terminated Mr. Wakefield for poor performance.

2.    <u>JURISDICTION</u>.  The basis on which the jurisdiction of the Court is invoked.

The court has jurisdiction over this case in that the matters in controversy arise under the laws of the United States, 28 U.S.C. § 1331. This action arises under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Defendant does not object to jurisdiction.

3.    <u>STIPULATED FACTS</u>.  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

Plaintiff was initially employed with Defendant from July 2007 to March 2012.

Plaintiff was rehired in October 2010, and terminated on February 23, 2016.

Plaintiff is black.

The Sodexo employees who had involvement or input in the decision to terminate Plaintiff's employment were Lisa Failing, Kevin Benda, Joseph Heeb, and Chuck Thomas.

4.    <u>LEGAL ISSUES</u>.  State separately, and by party, each disputed legal issue and the authority relied upon.

<u>Plaintiff</u>

a.    Was Plaintiff's termination motivated in part by his race? *Payan v. United Parcel Service,* 905 F.3d 1162, 1168 (10th Cir. 2018).

b.    Was Plaintiff's termination motivated in part by his opposition to discrimination? *Parker Excavating, Inc. v. Lafarge W., Inc.,* 863 F.3d 1213, 1220 (10th Cir. 2013).

c.    Is Plaintiff entitled to actual damages in the form of his lost back pay and benefits? *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 417-18 (1973).

d.    Is Plaintiff entitled to reinstatement, or in lieu of reinstatement, front pay and all lost future earnings projected to the date of Plaintiff's retirement? *Abuam v. Level 3 Commc'ns Inc.,* 353 F.3d 1158, 1179 (10th Cir. 2003).

e.    Is Plaintiff entitled to compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life? *Hampton v. Dillards Dept. Stores,* 247 F.3d 1091, 1115 (10th Cir. 2001).

f.    Is Plaintiff entitled to punitive damages for Defendant's willful and reckless disregard and wanton deprivation of Plaintiff's civil rights as protected by 42 U.S.C. § 1981? *Guides, Ltd v. Yarmouth Group Property Management,*

*Inc.,* 295 F.3d 1065, 1077 (10th Cir. 2002).

g.   Is Plaintiff entitled to reasonable attorney fees and costs? 42 U.S.C. § 1988 and *Case v. Unified Sch. Dist. No. 233, Johnson County Kan.,* 157 F.3d 1243 (10th Cir. 1998).

<u>Defendant</u>:

**Issue 1:**   **When did Plaintiff first engage in protected activity under Section 1981?**

**Authority:**  This issue involves a dispute between the parties as to whether the underlying opposition must mention that race is the suspected cause of the underlying disparity that is being complained of.  In reliance on a generic definition of protected activity, Plaintiff claims that "no magic words" are required.  However, Plaintiff ignores the cases that have analyzed the specific question of whether the complaint must mention race, either in words or in substance.  Those cases hold that, in order to qualify as protected activity, Plaintiff's complaint must mention race.  *Asojo v. Bd. of Regents of Univ. of Okla.*, No. CIV-11-333-D, 2012 WL 3679539, at \*8 (W.D. Okla. Aug. 24, 2012) (noting that "the Tenth Circuit has rejected the sufficiency of a complaint which contains no reference to the employee's race or other protected category); *see also Shah v. Okla. Dep't of Mental Health*, No. CIV-10-1335-F, 2011 WL 13174646, at \*7 (W.D. Okla. Oct. 31, 2011), aff'd, 485 F. App'x 971 (10th Cir. 2012). Under this rule, Plaintiff's first protected activity did not occur until he filed an unperfected charge of discrimination with the EEOC on or about September 24, 2015.

**Issue 2:**   **What standard of causation applies to Plaintiff's Section 1981 retaliation claim?**

**Authority:**  As noted above (in section "4(c)"), Plaintiff contends that he need only show that his protected activity was a "motivating factor" in his termination in order to establish retaliation. However, this is incorrect. Plaintiff must establish "but for" causation in order to prevail on his Section 1981 retaliation claim. *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014) (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362, 133 S. Ct. 2517, 2534, 186 L. Ed. 2d 503 (2013); *see also Braxton v. Nortek Air Sols., LLC*, No. CIV-17-277-R, 2018 WL 1630951, at \*4-5 (W.D. Okla. Apr. 4, 2018).

**Issue 3:**   **In determining whether a temporal connection exists between Plaintiff's protected activity and the challenged employment action, does the Court look at first or last protected activity?**

**Authority:** Where the substance of the protected activity remains the same, the Court should consider the temporal connection (or lack thereof) between Plaintiff's first protected activity and the challenged action. *See Xia v. Salazar*, 503 F. App'x 577, 579–80 (10th Cir. 2012) (rejecting the idea of measuring temporal proximity from the conclusion of the EEOC investigation rather than the date of filing, even though an employee may continue to "participate" in the ongoing investigation); *see also Alkhawaldeh v. Dow Chem. Co*., 851 F.3d 422, 429 n.23 (5th Cir. 2017) (noting that each subsequent instance of protected activity does not "re-start 'the temporal-proximity clock'").

**Issue 4:**   **Is Plaintiff required to prove that the decision-makers had actual knowledge of his protected activity at the time the challenged decision was made?**

**Authority:** Plaintiff cannot simply rely on the date that the EEOC mailed the Notice of Charge of Discrimination. Rather, Plaintiff must establish that the decision-makers were aware of it. *Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1203 (10th Cir. 2008) ("[Plaintiff] must first come forward with evidence . . . that those who decided to fire him had knowledge of his protected activity.").

**Issue 5:**   **What is the applicable standard to establish that an employee is similarly situated?**

**Authority:**   "Comparator employees must have engaged in 'conduct of comparable seriousness in order for their disparate treatment to be relevant.'" *See Aman v. Dillon Cos., Inc.*, 645 Fed. Appx. 719 (10th Cir. 2016) (finding comparator evidence to be irrelevant where the conduct of the alleged comparators – tardiness –  was not similar in degree to the plaintiff's).

**Issue 6:**   **Is Blayke Humphrey a valid comparator with Plaintiff with respect to the issue of starting salary?**

**Authority:** No, because Plaintiff's starting salary was set by Mr. Majors, while Mr. Humphrey's was set by Kevin Benda. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d, 1220, 1232 (10th Cir. 2000) (noting that an employee is only considered "similarly situated" if he "deals with the same supervisor").

**Issue 7:**   **Is Mr. Major's decision regarding Plaintiff's starting salary relevant as**

evidence of discrimination?

**Authority:**  No, because Mr. Majors left the company shortly after setting Plaintiff's salary and was not employed by Sodexo when the decision to terminate Plaintiff was made.

**Issue 8:**     **Is Blayke Humphrey a valid comparator with Plaintiff with respect to prior discipline.**

**Authority:**  No. *See Aman v. Dillon Cos., Inc.*, 645 Fed. Appx. 719 (10th Cir. 2016).

**Issue 9:**     **Should Defendant's pending Motion for Summary Judgment be granted in whole or in part?**

**Authority:** (Doc. 27, 32).

**Issue 10:**    **Should Defendant's pending Motions in Limine be sustained?**

**Authority:**  *See* authority set forth in Defendant's motion.

**Issue 11:**    **Should Defendant be granted a directed verdict at the close of Plaintiff's case-in-chief?**

**Authority:**   Fed. R. Civ. P. 50.

**Issue 12:**    **If Plaintiff survives summary judgment and directed verdict on one or both of his claims, should Defendant's jury instructions be given?**

**Authority:**  Fed. R. Civ. P. 51; *see also* authority set forth in Defendant's proposed instructions.

5.    CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF
SOUGHT.

A.    Plaintiff

Plaintiff, Charles Wakefield was initially hired by Sodexo on July 15, 2007 as an ES/CUS Mgr I. In July 2019, Wakefield was promoted to ES/CUS Mgr II, and received a 5% pay increase. In March 2012 Wakefield was laid off from his position at Langston University. Six months later, in October 2012, Wakefield was hired as an ES/CUS Mgr II at Norman Public Schools. In January 2015 Wakefield received a 2% merit raise. Benda was Wakefield's immediate supervisor as well as the ES/CUS II for the Norman East

Zone, Blayke Humphrey. Wakefield was ES/CUS II over the night shift for the Norman East Zone.

Wakefield's 2014 evaluation was "meets expectations." In January 2015 Wakefield received a 2% merit raise, and in September 2015 Wakefield received a 10% raise.

### Wakefield's Protected Activity

In April 2015, Wakefield contacted Sodexo's Human Resources Manager, Lisa Failing, to complain that his salary was significantly lower than Humphrey's in a follow up email on June 8, 2018.

On May 27, 2015, Failing sent Kevin Benda, Wakefield's supervisor, an email stating, "he is underpaid against his peers in like positions."

On June 8, 2015, Wakefield sent a follow up email to Failing stating: "You indicated you would do some research on the subject in regard to my present salary. Will you please provide me with information on the status of the subject matter."

Failing's June 9, 2015, response stated: "I have spoken to your district manager Joe Heeb about this and am waiting to catch up with Kevin also. I have not forgotten about my commitment to you." Significantly, unknown to Wakefield, Failing had already sent Benda an email advising him that Wakefield was under paid against peers in his positions. There is no evidence in the record that Wakefield was ever told that Failing had found that he was being underpaid.

On July 21, 2015, Wakefield sent an email to Failing asserting how he learned of the $10,000 discrepancy in pay between himself and Humphrey. He stated that it was unfair, and that an adjustment should be made in order to be fair. On July 22, 2015, Failing responded to Wakefield stating:

> Thank you for your email Charles. And the information you provided. The company is currently and has been under a wage freeze for the past several months, so no out of cycle wage adjustments can be approved. This has been dictated by our President, Lorna Donatone to all employees. I am sorry that I did not communicate that to you.

On July 27, 2015, Failing sent an email to Benda and Joseph Heeb, Sodexo's District Manager, stating in part: "$2518 would be a recommendation to increase salary ONLY if he is now performing at or above expectations on a daily basis."

On August 9, 2015, Failing sent Wakefield an email, stating in part:

> Hi Charles, thank you for the information but it's not quite that easy as you have stated below. There are many variables that come into play with where someone's salary is in Sodexo. And there is NO workaround for out of cycle pay increases thru August. This is a directive from our President Lorna Donatone.
> . . .
> . . . I know it's been a challenging summer with working around district projects and heard you have done a good job. Thanks for your dedication to the clients & students at Norman

(emphasis added). This statement is false because on August 7, 2015, Wakefield was instructed to award pay raises to employees under his supervision.

### The Retaliation Against Wakefield Starts

On August 13, 2015, Wakefield sent Failing an email, stating in part:

> To clarify, you are telling me that there is nothing that you can do to correct this? Or is there nothing that can happen before the end of August? In all honesty, my frustration from a lack of resolve continues to grow and while I know you did not forget about me, I can't see that any progress has been made regarding this concern.

Failing never responded to this email, nor did she send any further emails to Wakefield.

The above email was forwarded to Benda and Heeb stating: "We need to put this to rest sooner than later. No matter what I tell him he does not agree so far. Your thoughts?"

### After Wakefield's Protected Activity Benda's Retaliation Starts

On September 3, 2015, Benda sent an email to Heeb: "Getting a little frustrated with Charles' lack of urgency"

Wakefield was told in a meeting on September 16, 2015, he would be receiving a 10% pay raise. During the same meeting Wakefield was presented with a Constructive Counseling Letter with Action Plan.

On September 21, 2015, Failing sent an email stating that Wakefield's pay raise was approved by Joe Heeb and Sodexo's Vice President, Chuck Thomas, for internal equity of pay for Wakefield against his peers in the district and region. On September 21, 2015, Wakefield declined to accept the pay raise, and on September 24, 2015, Wakefield filed an unperfected Charge of Discrimination with the EEOC.

### The Decision to Terminate Plaintiff is Made

Four days after Sodexo received notice that Wakefield had filed a Charge of Discrimination, Chuck Thomas, on September 28, 2015, sent an email to Lisa Failing stating: "Ok. Do we need to run this by legal? I am going to hold Kevin and Joe accountable for Charles's performance. Most likely this will result in his termination. I can almost guarantee he will sue us. I just want to make sure were [sic] prepared."

On September 30, 2015, Wakefield received an email from SR HR Support Specialist, Trina Anzalone, regarding his 10% raise. She stated, "Attached is the salary adjustment that I've been informed you are required to accept, per the legal department." Wakefield then sent Failing an email explaining why he was declining the 10% salary increase. He stated, "I am declining the offer, which is still well below the salary of my counterpart who has a less amount of time with Sodexo than I and many years of less experience." The next day Anzalone sent another email to Wakefield stating, "Please sign and return to me, as this salary change is per the legal department and Lisa Failing's request." On October 2, 2015, Wakefield sent Failing an email asking, "Can you please tell me why you insist on giving me a 10 per cent [sic] increase when it is a lot less than I want to except [sic] and a lot less than my peer working in the same unit, with the same title, less experience, and less time with Sodexo?"

On October 16, 2015, Benda sent an email to Chuck Thomas, Lisa Failing, and Joe Heeb regarding Wakefield's 2015 evaluation. The email stated:

> All,
> After speaking to Chuck, it was decided that a discussion between us was needed to develop a plan to roll out the annual review of Charles, in light of his EEO allegation. Attached you will find his review, and please let me know of any changes needed. Also………..we need to set up a call to discuss prior to implementation of this, and next year's goals and expectations.

A short time later Chuck Thomas made comments about what should be included in Wakefield's 2015 evaluation, including: "I would also tell Charles that if he wants a higher rating in future, the comments he puts in the evaluation must support that rating. Joe – You will need to reopen step for Kevin to make changes." Sodexo officials had never previously instructed Benda on what to put in Humphrey's evaluation.

On October 21, 2015, Failing sent an email to Benda, Heeb, and Thomas: "Move forward today with eval stay focused on his role and performance good luck don't say anything that could be perceived as retaliation."

On October 21, 2015, Wakefield filed a perfected Charge of Discrimination with the

EEOC.

On October 30, 2015, Benda electronically signed Wakefield's evaluation which rated Wakefield overall "to be improved." The evaluation downgraded Wakefield in several categories, where he received a "meets expectations" the previous year.

Kim Hansen sent an email advising that "Sodexo has been served with an EEO charge filed by Mr. Wakefield," on November 4, 2015.

On December 14, 2015, Benda sent an email which stated: "I would like to move forward with termination for Charles, as his actions towards operational excellence has not improved since this action plan was initiated on 9/16/2015."

On December 16, 2015 at 11:44 a.m., Heeb sent an email to Failing and others discussing "moving ahead with termination of Charles Wakefield from Norman."

On December 16, 2015 at 1:47 p.m., Failing sent an email to Heeb and others discussing "We still have the open EEOC claim with Charles, what is the further documentation you have on performance."

On January 11, 2016, Heeb sent an email to Failing, "I believe we need to remove Charles . . ."

On January 13, 2016, Heeb sent an email to Benda showing changes he had make to Section 3 and 4 of Wakefield's written warning. Benda testified that Heeb had not previously suggested changes to a final written warning.

On January 19, 2016, Benda issued a Constructive Counseling Notice- Written Warning to Wakefield.

On or about February 10, 2016, Sodexo received Wakefield's Notice of Charge of Discrimination from the EEOC.

On February 11, 2016, Heeb sent an email stating:

> Charles has been given his final written warning in Jan and the next step, if approved with you all, would be termination which I believe is justified by what Kevin has shared with me on his lack of performance.
> This is a preemptive email to ensure that we all are on the same page with our next step for termination - especially with the EEO.

Shortly thereafter Failing sent an email stating:

I was just thinking about Charles yesterday.
I have contacted the attorney for the EEO case and see where that is, then
once I have that info. I will run it by our legal dept. to assess risk with his
termination.
I am not fearing too much risk as his performance is WELL documented at
this point.

On February 12, 2016, Failing sent an email stating: "Was told EEOC case could go
on for months from attorney supporting the case. I will set up a call with legal to run it by
them on termination of employment risk."

On February 17, 2016, Failing sent out an email stating:

I have not connected yet with one of our attorneys, but am comfortable that
we have done our due diligence with Charles.
Write up his termination form ok? I will clear it by Friday when I can get
back to the office. We will target Monday to term, then you can post
position thereafter with Delia.

On February 17, 2016, Wakefield's perfected his Charge of Discrimination with the
EEOC.

On February 22, 2016, Wakefield submitted his response to the January 19, 2016,
Constructive Counseling Notice- Written Warning.

And on February 23, 2016, Wakefield was terminated. Benda did not solely decide to
terminate Wakefield.

Wakefield was terminated the day after he submitted his statement which constituted
protected activity. Wakefield was terminated six days after he filed his EEOC complaint.
Wakefield was terminated ten days after the EEOC notified Sodexo that he had filed an
unperfected Charge of Discrimination. Sodexo decided to terminate Wakefield as early as
September 28, 2015, but it contrived to further discipline Wakefield to, as Wakefield put
it, "This is follow up on a paper trail leading to termination!"

B.   Defendant:

1.   Plaintiff, Charles Wakefield, was employed by Sodexo Operations, LLC –

not by "Sodexo USA," the latter of which is simply a trade name.

2.   Plaintiff asserts only two claims in this case, both of which arise under

Section 1981.  They are: (i) a claim for wrongful termination based on race; and (ii) a claim for wrongful termination based on alleged retaliation for having complained of alleged race discrimination.

3.     Plaintiff did not plead claims arising under Title VII or the ADEA. Although he previously alleged such claims with the EEOC, he failed to timely file suit after receiving his right-to-sue letter.  Such claims are therefore time-barred.

4.     Plaintiff also has not asserted in this case a claim for disparate pay based on race.  Rather, the only adverse action at issue is Plaintiff's termination.

5.     Sodexo terminated Plaintiff's employment for legitimate business reasons (namely, his performance).

6.     Beginning shortly after he was re-hired in late 2012, and continuing up to the date of his termination, Plaintiff received repeated disciplinary write-ups, unsatisfactory evaluations and was given performance improvement plans by two separate supervisors.

7.     Plaintiff also consistently failed to take responsibility for his actions.  Even with the benefit of hindsight, Plaintiff rates his performance at Sodexo as a "10 out of 10."

8.     Plaintiff cannot establish pretext simply by disagreeing with Sodexo's view of his performance.   Instead, Plaintiff would need to show that Sodexo did not legitimately hold the view that his performance was poor, that he failed to take responsibility, and that this warranted termination. He cannot do so.

9.     Sodexo's decision to terminate Mr. Wakefield was not motivated, in whole,

or in part, by Plaintiff's race.

10.    Plaintiff cannot establish that any of his protected activity was the "but for" cause of Sodexo's decision to terminate his employment.  Indeed, Plaintiff contends that the decision to terminate his employment was made on September 28, 2015, which predates any knowledge of Plaintiff's actual protected activity by Sodexo's decision-makers.

11.    In that regard, Plaintiff's first instance of protected activity did not occur until he filed an unperfected charge of discrimination with the EEOC on or about September 24, 2015.  Sodexo's decision-makers were not aware of this fact as of September 28, 2015 (when Plaintiff claims the decision to terminate his employment was made).

12.    Plaintiff's earlier internal complaints do not constitute protected activity because it is undisputed that Plaintiff did not state, in words or in substance, that the pay disparity was the result of suspected race discrimination.

13.    Plaintiff's starting salary, as compared to that of Blayke Humphrey, is not evidence that his termination was motivated by race because: (a) Plaintiff's starting salary was set by Mr. Majors, who was not employed by Sodexo when the decision was made to terminate Plaintiff's employment; (b) Mr. Humphrey's starting salary was set by Mr. Benda, who did not have the authority to change Plaintiff's starting salary; and (c) Sodexo offered to give Plaintiff a one-time, out of cycle raise of 10% in response to Plaintiff's complaints, but Plaintiff rejected the raise.

14.    Moreover, in Plaintiff's region, the highest paid employee in the same

position as Plaintiff was African American, while the lowest paid employee was white.

15.     Plaintiff has not and cannot establish that Mr. McMillon or Mr. Humphrey was similarly situated to Plaintiff in terms of prior discipline.  Moreover, Mr. McMillon (an African American) was not involuntarily terminated by any of the decision-makers involved in Plaintiff's termination.  Further, the reason for Mr. McMillon's ultimate termination was not performance (as was the case with Plaintiff).

16.     Plaintiff has not challenged his long history of discipline as being racially motivated. Rather, Plaintiff admitted in his deposition that the only disciplinary event he challenges as being racially biased was the one that resulted in his termination.

17.     Plaintiff has failed to mitigate his actual damages by making reasonable good faith efforts to obtain suitable replacement employment.

18.     Plaintiff has provided no basis in fact for the $1.2 Million in damages he is seeking.

19.     Sodexo did not act maliciously toward Plaintiff or with reckless disregard toward the rights afforded him under Section 1981, and Plaintiff is not entitled to punitive damages.

6.     EXHIBITS.  The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.     Plaintiff:

| No. | Title/Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|------------------|-----------|--------------------------------------|
|     |                  |           |                                      |

| 1. | October 6, 2014, Constructive Counseling Notice to Charles Wakefield (SODEXO 1105-1113) | Incomplete | 106 |
|---|---|---|---|
| 2. | Fiscal Year 2014 Annual Review for Charles Wakefield (SODEXO 1089-1101) | | |
| 3. | January 12, 2015, email stream including Kristie Eselin, Kevin Benda Charles Wakefield, and Blayke Humphrey, subject: building (SODEXO 1977) | Incomplete, Hearsay, Relevance, Confusion of the Issues | 106, 401-403, 801-802. |
| 4. | March 2, 2015, Client Visit Report from Patricia O'Hara (SODEXO 2405-2409) | | |
| 5. | March 22, 2015, email from Kevin Benda to Charles Wakefield, re: Patricia O'Hara's Report (WAKEFIELD 3471) | Relevance, Confusion of the Issues. | 401-403 |
| 6. | May 27, 2015, email from Failing to Kevin Benda, Subject: Charles Wakefield. (SODEXO 1259) | | |
| 7. | July 27, 2015, email from Lisa Fail to Kevin Benda and Joseph Heeb, re: Salary History of Charles Wakefield (SODEXO 1517) | | |
| 8. | Email stream ending August 14, 2015 and beginning June 8, 2015, among Kevin Benda, Lisa Failing, and Joseph Heeb; Subject: Environmental Services Manager 2 Salary (SODEXO 1283-1289) | Incomplete. | 106 |
| 9. | Chart of employees who received pay raises in August 2015 (WAKEFIELD 3475) | Incomplete. Relevance Confusion of the Issues. Hearsay. | 106, 401-403, 801-803. |
| 10. | September 3, 2015, email from Benda to Joseph Heeb, Subject: Charles Wakefield Information (SODEXO 1523) | Incomplete. | 106. |
| 11. | September 8, 2015, Draft Constructive Counseling Letter with Action Plan, to | Relevance, Cumulative. | 401-403 |

| | | | |
|---|---|---|---|
| | Charles Wakefield (1527-1533) | | |
| 12. | September 16, 2015, Constructive Counseling Letter with Action Plan, to Charles Wakefield (WAKEFIELD 3487-3493) | | |
| 13. | September 21, 2015, email from Failing to USA EDU HR Onboarding, Subject: Salary increase request – Wakefield, Charles (SODEXO 1298) | | |
| 14. | September 21, 2015, Letter from Lisa Failing to Charles Wakefield, re: pay rate change effective Sept 19, 2015 (WAKEFIELD 3494) | | |
| 15. | September 24, 2015, EEOC Notice of Charge of Discrimination, filed by Charles Wakefield (SODEXO 0128) | | |
| 16. | Email stream ending September 28, 2015 and beginning September 25, 2015, 08:04, including Trina Anzalone, Kevin Benda, Lisa Failing, and Charles Wakefield, Subject: ACTIONS REQUIRED: RECLASSIFICATION LETTER – CHARLES WAKEFIELD (SODEXO 1538-1540) | | |
| 17. | Email stream ending September 28, 2015, 15:42, and beginning September 25, 2015, including Chuck Thomas, Lisa Failing, Trina Anzalone Kevin Benda, and Charles Wakefield, Subject: ACTIONS REQUIRED: RECLASSIFICATION LETTER – CHARLES WAKEFIELD (SODEXO 1547-1549) | | |
| 18. | Email stream ending September 30, 2015 and beginning September 21, 2015, including, Lisa Failing, Kevin Benda, Joseph Heeb, Chuck Thomas, and Charles Wakefield, Subject: ACTIONS REQUIRED: RECLASSIFICATION LETTER – CHARLES WAKEFIELD (SODEXO 1561- | | |

| | | | |
|---|---|---|---|
| | 1564) | | |
| 19. | Email stream ending October 2, 2015 and beginning September 21, 2015, 15:28,including Charles Wakefield, Trina Anzalone, and Lisa Failing, Subject: ACTIONS REQUIRED: RECLASSIFICATION LETTER – CHARLES WAKEFIELD (SODEXO 1572-1575) | | |
| 20. | Email stream ending October 2, 2015 and beginning September 21, 2015, 20:51, including Chuck Thomas, Lisa Failing, Kevin Benda, Joseph Heeb, Trina Anzalone and Charles Wakefield, Subject: ACTIONS REQUIRED: RECLASSIFICATION LETTER – CHARLES WAKEFIELD (SODEXO 1593-1597) | | |
| 21. | Email stream ending October 16, 2015, 09:27 and beginning 6:03 AM, including Chuck Thomas, Lisa Failing, Kevin Benda, and Joseph Heeb, Subject: Charles Wakefield 2015 Eval (SODEXO 1678-1691) | Relevance, Confusion of the Issues, Unfair Prejudice, Cumulative. | 401-403 |
| 22. | Email stream ending October 16, 2015, 09:32, including Chuck Thomas, Lisa Failing, Kevin Benda, and Joseph Heeb, Subject: Charles Wakefield 2015 Eval (SODEXO 1681) | Relevance, Incomplete, Confusion of the Issues, Cumulative. | 106, 401-403 |
| 23. | Email stream ending October 16, 2015, 13:34, including Chuck Thomas, Lisa Failing, Kevin Benda, and Joseph Heeb, Subject: Charles Wakefield 2015 Eval (SODEXO 1685) | Relevance, Incomplete, Confusion of the Issues, Cumulative. | 106, 401-403 |
| 24. | Email stream ending October 16, 2015, 14:47, including Lisa Failing, Kevin Benda, and Joseph Heeb, Subject: Charles Wakefield 2015 Eval (SODEXO 1687) | Relevance, Incomplete, Confusion of the Issues, | 106, 401-403 |

| | | Cumulative. | |
|---|---|---|---|
| 25. | Email stream ending October 21, 2015, 14:09 and beginning October 18, 2015, including Chuck Thomas, Lisa Failing, Kevin Benda, and Joseph Heeb, Subject: Charles Wakefield 2015 Eval (SODEXO 1724-1725) | Incomplete, Relevance, Confusion of the Issues, Unfair Prejudice. | 106, 401-403 |
| 26. | October 21, 2015, EEOC Charge of Discrimination, filed by Charles Wakefield (WAKEFIELD 3522-3523) | | |
| 27. | Fiscal Year 2015 Annual Review for Charles Wakefield (WAKEFIELD 3495-3510) | | |
| 28. | November 4, 2015, email stream, including Kimberly J. Hansen, Kevin Benda, Joseph Heeb, Margaret Scheele, Lisa Failing, Donna Barton, and Chuck Thomas, Subject: EEO Charge – Charles Wakefield (SODEXO 1728) | Privileged, inadvertent disclosure. Relevance, Confusion of the Issues, Unfair Prejudice | FRCP 26(b)(5)(B); FRE 502(b), 401-403 |
| 29. | December 14, 2015, email from Benda to Joseph Heeb, Subject: Charles Wakefield – Action Plan (SODEXO 1733) | | |
| 30. | December 16, 2015, email stream, including Lisa Failing, Joseph Heeb, Chuck Thomas, Delia Whitmore, Ted Monk, Nicole Hulett, and unidentifiable addresses, Subject: Thank You (SODEXO 1734-1738) | Relevance, Confusion of the Issues, Unfair Prejudice. | 401-403 |
| 31. | Email stream ending January 11, 2016 and beginning December 16, 2015, including Lisa Failing, Joseph Heeb, Chuck Thomas, Delia Whitmore, Ted Monk, Nicole Hulett, and unidentifiable addresses, Subject: Charles (WAKEFIELD 1739-1741) | Relevance, Confusion of the Issues, Unfair Prejudice. | 401-403 |
| 32. | Email stream ending January 12, 2016 and | Incomplete, | 106, 401-403 |

| | | | |
|---|---|---|---|
| | beginning January 11, 2016, including Lisa Failing, Joseph Heeb, Chuck Thomas, Delia Whitmore, Ted Monk, Nicole Hulett, and unidentifiable addresses, Subject: Charles Wakefield (SODEXO 1758) | Relevance, Confusion of the Issues, Unfair Prejudice. | |
| 33. | January 13, 2016, email among Kevin Benda, Lisa Failing, and Joseph Heeb, Subject: Charles Wakefield (SODEXO 1766) | Incomplete. | 106 |
| 34. | January 19, 2016, Constructive Counseling Notice to Charles Wakefield (SODEXO 1172-1175) | | |
| 35. | February 4, 2016, emails between Kevin Benda and Charles Wakefield re: NNHS Cleanliness (SODEXO 1945-1946) | | |
| 36. | February 5, 2016, emails between Kevin Benda and Charles Wakefield re: NNHS (SODEXO 1181) | | |
| 37. | February 10, 2016, EEOC Notice of Charge of Discrimination, filed by Charles Wakefield (WAKEFIELD 3560) | Relevance, Misleading, Confusion of the Issues. | See pending motion in limine re: temporal connections. |
| 38. | February 11, 2016, email from Joseph Heeb to Lisa Failing Delia Whitmore, Chuck Thomas, and Kevin Benda, Subject: Charles Wakefield (SODEXO 1788) | | |
| 39. | Email stream ending February 12, 2016, 00:00 and beginning February 11, 2016, including Lisa Failing, Joseph Heeb, Delia Whitmore, Chuck Thomas, and Kevin Benda, Subject: Charles Wakefield (SODEXO 1789-1791) | Relevance, Confusion of the Issues, Unfair Prejudice. | 401-403 |
| 40. | Email stream ending February 12, 2016, 16:43 and beginning February 11, 2016, including Lisa Failing, Joseph Heeb, Delia | Cumulative. | 403 |

| | | | |
|---|---|---|---|
| | Whitmore, Chuck Thomas, and Kevin Benda, Subject: Charles Wakefield (SODEXO 1790) | | |
| 41. | February 1, 2016, email from Joseph Heeb to Lisa Failing, Delia Whitmore, Chuck Thomas, and Kevin Benda, Subject: Charles Wakefield (SODEXO 1795) | Cumulative | 403 |
| 42. | February 17, 2016, EEOC Charge of Discrimination, filed by Charles Wakefield (WAKEFIELD 3558) | | |
| 43. | Email stream ending February 18, 2016, 13:07 and beginning February 11, 2016, including Lisa Failing, Joseph Heeb, Delia Whitmore, Chuck Thomas, and Kevin Benda, Subject: Charles Wakefield (SODEXO 1799-1800) | Relevance, Confusion of the Issues, Unfair Prejudice. | 401-403 |
| 44. | February 19, 2016, email from Peter Lisenfeld to Kevin Benda, Chad Hall, and Steve Spears, Subject Kevin Benda Sodexo Custodial (SODEXO 1196) | | |
| 45. | February 19, 2016, Custodial Shift Reports for Norman North (WAKEFIELD 3433-3438) | Incomplete; Relevance. Confusion of the Issues. | 106; 401-403 |
| 46. | February 22, 2016, Constructive Counseling Notice Additional Comments signed Charles Wakefield (SODEXO 1188) | Incomplete | 106 |
| 47. | February 22, 2016, email stream including, Kevin Benda, Blayke Humphrey, Stephanie Peters and Rosita Linden subject: The evening janitorial services (SODEXO 2129) | Incomplete, Relevance, Confusion of the Issues | 106, 401-403 |
| 48. | February 23, 2016, Constructive Counseling Notice for Non-Exempt to Charles Wakefield (SODEXO 1189-1192) | Incomplete | 106. |
| 49. | Email stream ending March 15, 2016 and beginning February 29, 2016, email from Kelly Otis to Charles Wakefield Subject: | Hearsay. Authentication. | 801-802, 901-02. |

| | | | |
|---|---|---|---|
| | Reaagan Elementary (WAKEFIELD 3570) | | |
| 50. | Email stream ending March 15, 2016 and beginning February 3, 2016, including Paula Palermo, Charles Wakefield, Kevin Benda, and other unidentifiable emails, Subject: QC Inspection (WAKEFIELD 3571) | Hearsay. Authentication. | 801-802, 901-02. |
| 51. | Email stream ending September 19, 2016 and beginning September 13, 2016, including, Dave Gibson, Katy Nickell, Kevin Benda, and others, Subject: Re: Floors (SODEXO 2179) | Incomplete; Hearsay; Authentication; Relevance; Confusion of the Issues. | 106, 401-403, 801-802, 901-902. |
| 52. | September 22, 2016, email from Tiffany Dixon to Kevin Benda, subject: Roosevelt Concerns (SODEXO 2184) | Incomplete; Hearsay; Authentication; Relevance; Confusion of the Issues. | 106, 401-403, 801-802, 901-902. |
| 53. | October 3, 2016, email stream including, Craig Stevens, Kevin Benda, and Blayke Humphrey, subject: Cleanliness of rooms – parent complaint (SODEXO 2192) | Incomplete; Hearsay; Authentication; Relevance; Confusion of the Issues. | 106, 401-403, 801-802, 901-902. |
| 54. | Email stream ending October 5, 2016 and beginning October 4, 2016, including Dave Gibson, Kevin Benda, Blayke Humphrey, Schott Beck, Katy Nickell, and others, subject: Fwd: Floors again (SODEXO 2194-2195) | Hearsay; Authentication; Relevance; Confusion of the Issues. | 401-403, 801-802, 901-902. |
| 55. | October 10, 2016, email stream including Craig Stevens, Kevin Benda, and Blayke Humphrey, subject: Fwd: Portables (SODEXO 2200) | Incomplete; Hearsay; Authentication; Relevance; | 106, 401-403, 801-802, 901-902. |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
|  |  | Confusion of the Issues. |  |
| 56. | February 16, 2017, email stream including Craig Stevens, Kevin Benda, Blayke Humphrey, and Crystal Harkness, subject: Fwd: Janitors (SODEXO 2255) | Incomplete; Hearsay; Authentication; Relevance; Confusion of the Issues. | 106, 401-403, 801-802, 901-902. |
| 57. | July 28, 2017, email stream including Bo Maynes, Blayke Humphrey, Kevin Benda, Derek Loukx, and others, subject: North and South Gyms (SODEXO 2324) | Hearsay; Authentication; Relevance; Confusion of the Issues. | 401-403, 801-802, 901-902. |
| 58. | October 25, 2017, email stream including Justin Miller, Kevin Benda, and Natalie Eckert, subject: Fwd: Bathroom Issue (SODEXO 2305) | Incomplete; Hearsay; Authentication; Relevance; Confusion of the Issues. | 106, 401-403, 801-802, 901-902. |
| 59. | Resume of Blayke Humphrey (SODEXO 1330) |  |  |
| 60. | All exhibits listed by Defendant unless otherwise objected to. | | |
| 61. | Plaintiff reserves the right to supplement this list. | | |

B.   <u>Defendant</u>:

                                          Federal Rule of
Number       Title/Description            Objection       Evidence Relied Upon
(Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Employee Handbook, dated August 2013 (SODEXO 742-833) | Not relevant | 401 and 402 |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | |
| 2. | Handbook Acknowledgements by Plaintiff (SODEXO 864, 875). | Not relevant | 401 and 402 |
| 3. | Job Description, Mgr. 2, ES/Custodial (SODEXO 852-855) | Not relevant | 401 and 402 |
| 4. | Plaintiff's Resume (WAKEFIELD 3680–3683) | Not relevant | 401 and 402 |
| 5. | Letter to Plaintiff dated January 16, 2008 re: merit increases for FY07 (SODEXO 0869) | Not relevant | 401 and 402 |
| 6. | Letter to Plaintiff dated January 14, 2009 re: merit increases for FY08 (SODEXO 0873–0874) | Not relevant | 401 and 402 |
| 7. | Prospective Job Posting Exemption Authorization Form (SODEXO 0876–0877) | Not relevant | 401 and 402 |
| 8. | Plaintiff's FY10 Annual Review (SODEXO 1057–1058) | Not relevant | 401 and 402 |
| 9. | Letter to Plaintiff dated January 10, 2011 re: merit increases for FY10 (SODEXO 0882) | Not relevant | 401-403 |
| 10. | Plaintiff's FY 11 Annual Review (SODEXO 1059-1070) | Not relevant | 401-403 |
| 11. | Email Re: Request for Removal of Custodial Manager, dated January 10, 2012 (SODEXO 887-889) | Not relevant | 401-403 |
| 12. | Letter to Plaintiff dated January 10, 2012 re: termination from Langston University contract (SODEXO 0885–0889) | Not relevant | 401-403 |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|-----|---------|-----------|--------------------------------------|
|     |         |           |                                      |
| 13. | Termination Form, dated March 6, 2012 (SODEXO 891-893) | Not relevant | 401-403 |
| 14. | Email to Tina Mattis dated October 2, 2012 re: Offer Accepted by Plaintiff (SODEXO 0894–0895) | Not relevant | 401-403 |
| 15. | Performance Improvement Plan issued to Plaintiff on March 11, 2013 (SODEXO 1071–1072) | Not relevant | 401-403 |
| 16. | Plaintiff's FY13 Annual Review (SODEXO 1073–1084) | Not relevant | 401-403 |
| 17. | Pattern of Management Checklist, dated January 30, 2014 (SODEXO 850-851) | Not relevant | 401-403 |
| 18. | Documented Coaching issued to Plaintiff on February 10, 2014 (SODEXO 1085) | Not relevant | 401-403 |
| 19. | Letter to Plaintiff dated April 18, 2014 re: failure to meet requirements for FY14 merit increase (SODEXO 1009) | Not relevant | 401-403 |
| 20. | Constructive Counseling/Written Coaching and Action Plan issued to Plaintiff on October 6, 2014 (SODEXO 1105–1114) | | |
| 21. | Plaintiff's FY14 Annual Review (SODEXO 1089–1101) | | |
| 22. | Client Visit Report from Patricia O'Hara dated March 2, 2015 (SODEXO 2405–2409) | Not relevant | 401-403 |
| 23. | Email from Lisa Failing to Plaintiff dated April 13, 2015 re: Plaintiff's disagreement with FY14 Annual Review (SODEXO | Portions of which are hearsay and not relevant | 401 and 402; 801 and 802 |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | 1252 – 1265) | | |
| 24. | Chart of Raises Given in August 2015 (SODEXO 2410) | Not relevant | 401 and 402 |
| 25. | Email chain from Kevin Benda to Lisa Failing dated August 14, 2015 re: Environmental Services Manager 2 Salary with attachments (SODEXO 2436-2458) | Cumulative; improperly grouped; and confusion of the issues | 401 and 402 |
| 26. | Constructive Counseling Letter with Action Plan issued to Plaintiff on September 16, 2015 (WAKEFIELD 3487–3493) | Cumulative; improperly grouped; confusion of the issues; and portions of which are hearsay | 401and 402; 801 and 802 |
| 27. | Action Plan with Handwritten Notes and Related Attachments (SODEXO 1157-1171) | Cumulative; improperly grouped; confusion of the issues; and portions of which are hearsay | 401and 402; 801 and 802 |
| 28. | Letter to Plaintiff dated September 21, 2015 re: pay rate change (SODEXO 935) | | |
| 29. | Letter to Plaintiff dated September 21, 2015 re: pay rate change (declined) (WAKEFIELD 3494) | | |
| 30. | EEOC Intake Questionnaire, dated September 21, 2015 (Wakefield 3530-3534) | Not relevant | 401 and 402 |
| 31. | Notice of Charge of Discrimination, dated September 24, 2015 (SODEXO 128) | | |
| 32. | Email chain from Trina Anzalone to Kevin Benda and Lisa Failing dated September 28, 2015 re: Plaintiff's rejection of his pay increase (SODEXO 1538–1540) | | |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| | | | |
| 33. | Email chain re: reversal of pay increase (SODEXO 1300-1303) | Hearsay | 801 and 802 |
| 34. | Email chain from Plaintiff to Lisa Failing dated September 30, 2015 re: Plaintiff's rejection of his pay increase (SODEXO 1304–1305) | | |
| 35. | Email chain from Plaintiff to Lisa Failing dated October 2, 2015 re: Plaintiff's rejection of his pay increase (SODEXO 1576–1579) | | |
| 36. | Email chain from Chuck Thomas to Plaintiff dated October 7, 2015 re: Plaintiff's rejection of his pay increase (SODEXO 1323–1327) | | |
| 37. | Plaintiff's Charge of Discrimination, dated October 21, 2015 (Wakefield 3522-3523) | | |
| 38. | Plaintiff's FY15 Performance Review (WAKEFIELD 3495–3510) | | |
| 39. | Constructive Counseling/Written Warning issued to Plaintiff on January 19, 2016 (SODEXO 1172–1175) | | |
| 40 | EEOC Intake Questionnaire dated Feb. 8, 2016 (Wakefield 3574-3577) | Not relevant | 401 and 402 |
| 41. | Email correspondence from Kevin Benda dated February 19, 2016 with attached documentation (SODEXO 1802-1818) | Cumulative; improperly grouped; confusion of the issues; portions of which are hearsay; and authentication | 401and 402; 801 and 802; 901 and 902 |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 42. | Fax from Plaintiff to Barbara Peck dated February 23, 2016 re: Plaintiff's comments to his January 19, 2016 Constructive Counseling/Written Warning (SODEXO 1184–1188) | | |
| 43. | Constructive Counseling/Termination Notice issued to Plaintiff on February 23, 2016 (SODEXO 1189–1201) | Objection to attachments - improperly grouped; portions of which are hearsay; and authentication | 401and 402; 801 and 802; 901 and 902 |
| 44. | EEOC Charge of Discrimination, dated March 22, 2016 (Wakefield 3558) | Not relevant; Jury confusion | 401-403 |
| 45 | EEOC Dismissals and Notice of Rights (SODEXO 4, 294) | Not relevant; Jury confusion; and Hearsay | 401-403; 801 and 802 |
| 46. | EEOC Intake Questionnaire, dated November 11, 2016 (Wakefield 3670 – 3673) | Not relevant; and Jury confusion | 401-403 |
| 47. | EEOC Charge of Discrimination, dated February 22, 2017 (Wakefield 3662 – 3663) | Not relevant | 401-403; 801 and 802 |
| 48. | EEOC Dismissal and Notice of Right to Sue (SODEXO 518) | Not relevant; Hearsay; and Jury confusion | 401-403; 801 and 802 |
| 49. | Plaintiff's Evaluations of Day Shift Employees (SODEXO 2424 – 2435) | Not relevant | 401-403 |
| 50. | Affidavit of Plaintiff (attached to Plaintiff's surreply) | Not relevant; Jury confusion; and Cumulative | 401-403 |
| 51. | Plaintiff's 2012 Taxes (Wakefield 3684-3722) | Not relevant; and Hearsay | 401-403; 801 and 802 |
| 52. | Plaintiff's 2013 Taxes (Wakefield 3723- | Not relevant; and | 401-403; 801 |

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|-----|---------|-----------|--------------------------------------|
|  | 3772) | Hearsay | and 802 |
| 53. | Plaintiff's 2014 Taxes (Wakefield 3773-3813) | Not relevant; and Hearsay | 401-403; 801 and 802 |
| 54. | Plaintiff's 2015 Taxes (Wakefield 3814-3861) | Not relevant; and Hearsay | 401-403; 801 and 802 |
| 55. | Plaintiff's 2016 Taxes (Wakefield 3862-3924) | Not relevant; and Hearsay | 401-403; 801 and 802 |
| 56. | 2017 W2 and Earnings Summary (Wakefield 3925) | Not relevant | 401-403 |
| 57. | UBER Tax Summary for 2017 (Wakefield 3926) | Not relevant | 401-403 |
| 58. | UBER Expenses Summary for 2017 (Wakefield 3927) | Not relevant | 401-403 |
| 59. | Joe Cooper Earnings Statement (Wakefield 3928) | Not relevant | 401-403 |
| 60. | Plaintiff's Supplemental Rule 26 Disclosures, dated January 16, 2018 | Not relevant; Jury Confusion; Unfair; and Prejudicial | 401-403 |
| 61. | Plaintiff's Responses to Defendant's Interrogatories, dated March 7, 2018. | Not relevant; Jury Confusion; Unfair; and Prejudicial | 401-403 |
| 62. | Plaintiff's Responses to Defendant's Requests for Production, dated March 7, 2018. | Not relevant; Jury Confusion; Unfair; and Prejudicial | 401-403 |
| 63 | Exhibits listed by Plaintiff and not otherwise objected to by Defendant,[1] which are incorporated herein by reference. | | |

[1] Defendant has prepared its list of exhibits in partial reliance on the exhibits listed by Plaintiff in the draft pre-trial report provided by Plaintiff on February 22, 2019.  In the event that Plaintiff subsequently modifies its earlier listing, Defendant reserves the right to supplement its list with

| No. | Exhibit | Objection | Federal Rule of Evidence Relied Upon |
|-----|---------|-----------|--------------------------------------|
|     |         |           |                                      |
| 64. | Exhibits necessary for rebuttal or impeachment. |  |  |

7. <u>WITNESSES</u>:  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A. <u>Plaintiff</u>:

| <u>Name</u> | <u>Address</u> | <u>Proposed Testimony</u> |
|-------------|----------------|---------------------------|
| Charles Wakefield | c/o Melvin C. Hall<br>RIGGS, ABNEY, NEAL, TURPEN,<br>   ORBISON & LEWIS<br>528 NW 12th Street<br>Oklahoma City, OK 73103 | Deposed |
| Lisa Failing | c/o Jeremy Tubb<br>Tiffany J. Wythe<br>FULLERUBB &<br>BICKFORD, PLLC<br>201 Robert S. Kerr Ave.,<br>Suite 1000<br>Oklahoma City, OK 73102 | Deposed |
| Kevin Benda | c/o Jeremy Tubb<br>Tiffany J. Wythe<br>FULLERUBB &<br>BICKFORD, PLLC<br>201 Robert S. Kerr Ave.,<br>Suite 1000<br>Oklahoma City, OK 73102 | Deposed |
| Joseph Heeb | c/o Jeremy Tubb<br>Tiffany J. Wythe<br>FULLERUBB &<br>BICKFORD, PLLC<br>201 Robert S. Kerr Ave., | Will testify as to any specific knowledge of Plaintiff's employment; Plaintiff's salary, as compared to William Humphrey and others; |

any exhibits removed from Plaintiff's list and/or to supplement in response to any exhibits added by Plaintiff.

| | Suite 1000<br>Oklahoma City, OK 73102 | Plaintiff's job performance; the discipline Plaintiff received as well as the discipline received by others; and Plaintiff's protected activity of complaints of discrimination, retaliation, and termination. |
|---|---|---|
| William Humphrey | c/o Jeremy Tubb<br>Tiffany J. Wythe<br>FULLERUBB &<br>BICKFORD, PLLC<br>201 Robert S. Kerr Ave.,<br>Suite 1000<br>Oklahoma City, OK 73102 | Will testify as to any specific knowledge of Plaintiff's employment; Plaintiff's salary, as compared to William Humphrey and others; Plaintiff's job performance; his salary compared to Plaintiffs; and the discipline Plaintiff received as well as the discipline received by others. |
| Raymond McMillion | c/o Melvin C. Hall<br>RIGGS, ABNEY, NEAL,<br>TURPEN,<br>  ORBISON & LEWIS<br>528 NW 12th Street<br>Oklahoma City, OK 73103 | Will testify as to any specific knowledge of Plaintiff's employment and Plaintiff's job performance. |
| Chuck Thomas | c/o Jeremy Tubb<br>Tiffany J. Wythe<br>FULLERUBB &<br>BICKFORD, PLLC<br>201 Robert S. Kerr Ave.,<br>Suite 1000<br>Oklahoma City, OK 73102 | Will testify as to any specific knowledge of Plaintiff's employment; Plaintiff's salary, as compared to William Humphrey and others; Plaintiff's job performance; the discipline Plaintiff received as well as the discipline received by others; and Plaintiff's protected activity of complaints of discrimination, retaliation, and termination. |

B.     <u>Defendant</u>:

      <u>Name</u>                <u>Address</u>             <u>Proposed Testimony</u>

| **Name** | **Address** | **Proposed Testimony** |
|---|---|---|
| Charles Wakefield | c/o Melvin C. Hall RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS 528 NW 12th Street Oklahoma City, OK 73103 | Deposed |
| Lisa Failing | c/o Jeremy Tubb FULLER TUBB & BICKFORD, PLLC 201 Robert S. Kerr Ave., Suite 1000 Oklahoma City, OK 73102 | Deposed |
| Kevin Benda | c/o Jeremy Tubb FULLER TUBB & BICKFORD, PLLC 201 Robert S. Kerr Ave., Suite 1000 Oklahoma City, OK 73102 | Deposed |
| Patricia O'Hara | c/o Jeremy Tubb FULLER TUBB & BICKFORD, PLLC 201 Robert S. Kerr Ave., Suite 1000 Oklahoma City, OK 73102 | Will testify as to her observations of Plaintiff's job performance and any and all aspects of Plaintiff's allegations against Sodexo |
| Chuck Thomas | c/o Jeremy Tubb FULLER TUBB & BICKFORD, PLLC 201 Robert S. Kerr Ave., Suite 1000 Oklahoma City, OK 73102 | Will testify as to any specific knowledge of Plaintiff's employment; Plaintiff's salary, as compared to William Humphrey and others; Plaintiff's job performance; the discipline Plaintiff received as well as the discipline received by others; and Plaintiff's protected activity of complaints of |

| **Name** | **Address** | **Proposed Testimony** |
|---|---|---|
| | | discrimination, retaliation, and termination. |
| Peter Liesenfeld | Principal<br>Norman North High School<br>c/o Norman Public Schools<br>131 South Flood Avenue<br>Norman, OK 73069 | May testify as to his observations of Plaintiff's job performance and any and all aspects of Plaintiff's allegations against Sodexo. |
| Patrick Gay | Principal<br>Irving Middle School<br>c/o Norman Public Schools<br>131 South Flood Avenue<br>Norman, OK 73069 | May testify as to his observations of Plaintiff's job performance and any and all aspects of Plaintiff's allegations against Sodexo. |
| John Shea | 4100 N Flood Ave<br>Norman, OK 73069<br>(405) 573-3551 | May testify as to his observations of Plaintiff's job performance and any and all aspects of Plaintiff's allegations against Sodexo. |
| Amy Allen | 4100 N Flood Ave<br>Norman, OK 73069<br>(405) 573-3551 | May testify as to her observations of Plaintiff's job performance and any and all aspects of Plaintiff's allegations against Sodexo. |
| Steven Leavitt | 4100 N Flood Ave<br>Norman, OK 73069<br>(405) 573-3551 | May testify as to his observations of Plaintiff's job performance and any and all aspects of Plaintiff's allegations against Sodexo. |
| Witnesses for purposes of rebuttal or impeachment | | |

| **Name** | **Address** | **Proposed Testimony** |
|---|---|---|
| only. | | |
| Witnesses necessary for authentication. | | |
| Witnesses listed by Plaintiff.[2] | | |

8.  **ESTIMATED TRIAL TIME**:

    A.    Plaintiff's Case:    <u>2</u>

    B.    Defendant's Case:   <u>1-½</u> days

9.    **BIFURCATION REQUESTED**:  Yes _____         No \_\_\_<u>X</u>\_\_\_\_

10.    **POSSIBILITY OF SETTLEMENT**:

    Good _____      Fair _____      Poor \_\_\_\_<u>X</u>_____

       All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

s/ Melvin C. Hall _____

Melvin C. Hall, OBA No. 3728

Danny K. Shadid, OBA No. 8104

RIGGS, ABNEY, NEAL, TURPEN,

  ORBISON & LEWIS

528 NW 12th Street

Oklahoma City, OK 73103

Telephone: (405) 843-9909

Facsimile: (405) 842-2913

Email: mhall@riggsabney.com

     dshadid@riggsabney.com

ATTORNEY FOR PLAINTIFF

s/Jeremy Tubb _____

(*signed by filing attorney with permission*)

Jeremy Tubb, OBA No. 16739

Tiffany J. Wythe, OBA No. 21405

Matthew S. Panach, OBA 22262

FULLER TUBB & BICKFORD, PLLC

201 Robert S. Kerr Ave., Suite 1000

Oklahoma City, Oklahoma 73102-4216

Telephone: (405) 235-2575

Facsimile: (405) 232-8384

Email: jeremy.tubb@fullertubb.com

     tiffany.wythe@fullertubb.com

     panach@fullertubb.com

ATTORNEYS FOR DEFENDANT

---

[2] Defendants do not control Joseph Heeb.  He is a former employee whose address has been provided to Plaintiff.